**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000866
30-JAN-2019
08:00 AM**

NO. CAAP-16-0000866

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SOK YE CAMPBELL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(CASE NO. 2DCW-15-0002794)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Sok Ye Campbell (**Campbell**) appeals from a December 9, 2016 Judgment and Notice of Entry of Judgment (**Judgment**), which was entered by the District Court of the Second Circuit, Wailuku Division (**District Court**).[1] The District Court convicted Campbell of one count of operating a vehicle while under the influence of an intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017) and one count of Inattention to Driving, in violation of HRS § 291-12 (Supp. 2017). Campbell only contests her OVUII conviction.

---

[1] The Honorable Blaine J. Kobayashi presided.

Campbell raises two, interrelated, points of error on appeal, contending that the District Court: (1) clearly erred in finding that the parking area at issue in this case was included in the definition of "[p]ublic way, street, road, or highway" set forth in HRS § 291E-1 (2007); and (2) erred in convicting Campbell of OVUII because the State did not meet its burden of proving that the parking area at issue was a public way, street, road, or highway.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Campbell's points of error as follows:

HRS § 291E-61(a)(1) provides:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

"'Operate' means to drive or assume actual physical control of a vehicle upon a public way, street, road, or highway[.]" HRS § 291E-1. "Public way, street, road, or highway" includes, *inter alia*, "[a] parking lot, when any part thereof is open for use by the public or to which the public is invited for entertainment or business purposes[.]" Id.

2

Here, the District Court found and concluded that:[2]

> [R]eview of the State's exhibits and the testimony of
> Roberts who testified that invitees or homeowners and
> residents of the condominium, as well as vendors doing
> business with the condominium, are authorized to park in the
> guest/vendor parking stalls immediately adjacent to the car
> wash parking stall where the subject vehicle was partially
> located within, established that the general area
> (guest/vendor parking stalls and car wash parking stall)
> where the subject vehicle was located, is a "public way,
> street, road, or highway" as defined in [HRS § 291E-1].

A trial court's findings of fact are reviewed under the clearly erroneous standard of review. Dan v. State, 76 Hawai'i 423, 428, 879 P.2d 528, 533 (1994). This is true of its implicit and explicit findings.[3] "A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." State v. Okumura, 78 Hawai'i 383, 392, 894 P.2d 80, 89 (1995) (citation and internal quotation marks omitted), abrogated on other grounds by State v. Cabagbag, 127 Hawai'i 302, 277 P.3d 1027 (2012). On the issue of substantial evidence, the Hawai'i Supreme Court has stated:

---

[2]    A conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case. Igawa v. Koa House Rest., 97 Hawai'i 402, 406, 38 P.3d 570, 574 (2001).

[3]    Hawai'i Rules of Penal Procedure Rule 23(c) provides:

**Rule 23.    TRIAL BY JURY OR BY THE COURT.**
. . . .

    **(c) Trial without a jury.**  In a case tried without a
jury the court shall make a general finding and shall in
addition, on request made at the time of the general
finding, find such facts specially as are requested by the
parties.  Such special findings may be orally in open court
or in writing at any time prior to sentence.

> We have long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931-32 (1992) (citations omitted).

The evidence adduced at trial included, *inter alia*, the following. On October 8, 2015, at approximately 2:00 a.m., a loud noise and flashing lights woke Jerry Roberts (**Roberts**), the Resident Manager of Puuone Towers. When Roberts went outside, he saw Campbell's vehicle right next to the Puuone Towers building, halfway inside of a stall, at an odd angle, and halfway on top of a flower bed. Campbell was sitting in the driver's seat, slumped over the steering wheel, with the engine running. A police officer later determined that she had been too intoxicated to safely operate her vehicle when she drove it, and arrested her.

Puuone Towers was the residential part of a building complex, which also included Puuone Plaza, a commercial building containing a dental office, two restaurants, and bars. Puuone Towers had two entrances -- one on the south side, where the Bamboo Grill restaurant was located, and one on the north side. To get to the area where Campbell was "parked" (the **Parking**

**Area**), a person would have to go up a driveway and ramps that ran alongside the building. Visitors to the Puuone Plaza used the same driveway and ramps; the first area when you drive up the ramp has bars, restaurants, and businesses, the second area has more businesses and a restaurant, and the Parking Area was at the top part of the ramp. Visitors to Puuone Plaza sometimes park in the Parking Area when the commercial areas of the building run out of spaces. The particular stall that Campbell's vehicle was parked in was a "car-wash stall." Next to it were three visitor parking stalls, with a sign indicating "Tow away, parking for Puuone Towers Condominium. Service vehicles and visitor parking only. Unauthorized parked vehicles will be towed as [sic] owners/drivers expense by Kitigawa Towing." Roberts testified that this area is for vendors and guests of Puuone residents or homeowners. There is also a private parking area partly covered by the building that is assigned for each apartment. There is no security guard at the bottom of the driveway and ramp.

Applying the applicable standards of review, we conclude that there was substantial evidence supporting the District Court's above-quoted finding and conclusion. See also, e.g., State v. Scott, 655 P.2d 1094 (Or. Ct. App. 1982) (upholding conviction based on actual use and accessibility); Commonwealth v. Cozzone, 593 A.2d 860, 861 (Pa. Super. Ct. 1991); State v. Martinez-Gonzalez, 275 P.3d 1 (Idaho Ct. App. 2012) (factual findings were supported by substantial evidence, and the posted sign, without more, did not take the property out of the reach of the DUI statute); State v. Prater, 686 N.W.2d 896, 898

5

(Neb. 2004); <u>Thibaut v. State</u>, 782 S.W.2d 307, 308 (Tex. Ct. App. 1989). Therefore, we conclude that the District Court did not err in convicting Campbell of OVUII.

For these reasons, the District Court's December 9, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, January 30, 2019.

On the briefs:

David A. Sereno,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge